IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES HENRY COYLE, | Case No. 6:21-cv-00149-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| KATE BROWN *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff James Henry Coyle ("Coyle"), a self-represented litigant, filed this action under 42 U.S.C. § 1983 ("Section 1983") alleging violations of his Eighth and Fourteenth Amendment rights and under the Oregon Tort Claims Act ("OTCA") alleging gross negligence, "ignorance," and "incompetency" against Defendants Kate Brown ("Governor Brown"), Colette Peters ("Peters"), Kimberly Hendricks ("Hendricks"),[1] Oregon Department of Corrections ("ODOC"),

---

[1] Defendants identify Colette Peters as the proper spelling of defendant "Collette" Peters' name and identify Kimberly Hendricks as the true identity of defendant "Kate" Hendricks. (Defs.' Mot. Dismiss ("Defs.' Mot.") at 1 n.1, ECF No. 45.)

PAGE 1 – FINDINGS AND RECOMMENDATION

and the Santiam Correctional Institution ("SCI") Medical Department (together, "Defendants"). Now before the Court is Defendants' motion to dismiss.

The Court has jurisdiction over Coyle's claims pursuant to 28 U.S.C. §§ 1331 and 1367, but not all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. For the reasons that follow, the Court recommends that the district judge grant in part and deny in part Defendants' motion to dismiss.

## BACKGROUND[2]

Coyle, a formerly incarcerated adult in custody ("AIC"), was confined at SCI in 2020. (Compl. at 3, ECF No. 2; *see also* Notice of Change of Address, ECF No. 12, noting Coyle's subsequent release from ODOC custody.) Coyle suffers from asthma, a pre-existing condition. (Compl. at 4.) Coyle alleges that ODOC failed to keep him safe from COVID-19 ("COVID") while incarcerated at SCI. (*Id.*)

Specifically, Coyle alleges that medical and security personnel were not properly tested before entering SCI, and in June 2020, he received the results of a blood test which showed that he had contracted COVID. (*Id.* at 5.) Coyle states that he "was in constant fear due to knowing people were dying[.]" (*Id.*) Coyle also alleges that Peters did not maintain "proper procedures" for testing. (*Id.*) Coyle asserts that, at the end of December 2020, ODOC failed properly to test AICs in SCI, as well as six new AICs who were transferred to the facility, which resulted in a COVID outbreak. (*Id.*)

---

[2] Coyle pleads these facts in his complaint, and the Court assumes they are true for the purpose of deciding this motion. *See Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) (noting that when reviewing a motion to dismiss for failure to state a claim, a court must "accept as true all well-pleaded allegations of material fact and construe them in the light most favorable to the non-moving party" (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031-32 (9th Cir. 2008))).

On January 28, 2021, Coyle filed this action. (*See generally id.*) In March 2023, the Court consolidated Coyle's case with *Albrecht et al. v. Oregon Department of Corrections et al.*, 3:21-cv-00196-SB, pursuant to Federal Rule of Civil Procedure 42(a), because Coyle was a plaintiff in both cases, and the cases involved a common question of law and fact. (*See* Order, ECF No. 33.) In February 2024, upon Coyle's request, the Court dismissed Coyle from that case without prejudice to proceed in the instant case. (*See* Order, ECF No. 43.) The Court also unconsolidated the two cases. (*Id.*) Subsequently, Defendants filed a motion to dismiss. (*See* Defs.' Mot.)

## LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Self-represented litigants' "complaints are construed liberally and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)); *see also Hebbe*, 627 F.3d at 342 ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings[.]"). Courts must "afford [a self-represented litigant] the benefit of any doubt." *Hoffman*, 26 F.4th at 1063 (quoting *Hebbe*, 627 F.3d at 342). "Unless it is absolutely clear that no amendment can cure the defect, . . . a [self-represented] litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

PAGE 3 – FINDINGS AND RECOMMENDATION

action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

## DISCUSSION

Defendants argue that the Court should dismiss Coyle's (1) Section 1983 claims for failure to exhaust administrative remedies, (2) state law claims because he failed to comply with the requirements of the OTCA, (3) claims against ODOC and SCI Medical Department because those entities are immune from suit under the Eleventh Amendment, (4) claims against Governor Brown and Hendricks for failure to allege their personal involvement in any wrongdoing and because they are immune from claims for damages in their official capacities, (5) claims for mental and emotional injury because Coyle did not suffer a physical injury, and (6) request for commutation as relief because that request is now moot or because Governor Brown is immune from liability for that claim. (*See* Defs.' Mot. at 4-11.)

## I.  EXHAUSTION UNDER THE PRISON LITIGATION REFORM ACT

Defendants argue that the Court should dismiss Coyle's Section 1983 claims because Coyle failed to exhaust available administrative remedies before filing his complaint. (*See* Defs.' Mot. at 4.)

### A.  Applicable Law

The Prison Litigation Reform Act ("PLRA") requires AICs "to exhaust available administrative remedies prior to filing a [Section] 1983 lawsuit challenging prison conditions." *Draper v. Rosario*, 836 F.3d 1072, 1078 (9th Cir. 2016) (citing 42 U.S.C. § 1997e(a) and *Porter v. Nussle*, 534 U.S. 516, 520 (2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

PAGE 4 – FINDINGS AND RECOMMENDATION

The Ninth Circuit has held that the defendant bears the burden of proving that an administrative remedy was available to the AIC and that the AIC failed to exhaust such remedy, because non-exhaustion is an affirmative defense. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). "Once the defendant has carried that burden, the [AIC] has the burden of production." *Id*. "That is, the burden shifts to the [AIC] to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

**B.    Analysis**

Because Coyle was incarcerated at the time he filed his complaint (*see* Compl. at 3) and has not filed an amended complaint following his release, Coyle's claims are subject to the PLRA. *Cf. Jackson v. Fong*, 870 F.3d 928, 937 (9th Cir. 2017) (concluding that because the plaintiff was no longer incarcerated when filing his amended complaint, he was not subject to the PLRA's exhaustion requirement); *see also Saddozai v. Davis*, 35 F.4th 705, 708 (9th Cir. 2022) ("[E]xhaustion requirements apply based on when a plaintiff files the operative complaint, in accordance with the Federal Rules of Civil Procedure." (quoting *Jackson*, 870 F.3d at 935)).

In his complaint, Coyle acknowledges that (1) SCI had a grievance procedure in place, and (2) he did not file a grievance related to the events underlying his complaint. (*See* Compl. at 3.) Coyle alleged in his complaint that the reason he did not file a grievance at SCI was because it "[did] not apply." (*Id*.) However, he has not provided any explanation for why that procedure did not apply. Thus, it is undisputed that the grievance process was available to Coyle and that Coyle failed to follow the grievance process as required under the PRLA. *See Orr v. Peters*, No. 3:21-cv-00342-SB, 2023 WL 6160794, at *4 (D. Or. Sep. 21, 2023) (concluding that it was

undisputed that a grievance process was available because "[plaintiff] acknowledged that a grievance procedure was available to him").

For these reasons, the Court finds that Coyle failed to exhaust his available administrative remedies, and the Court recommends that the district judge dismiss Coyle's Section 1983 claims with leave to amend.[3] *See Lathrop-Vance v. Cain*, No. 2:20-cv-01926-YY, 2023 WL 6850233, at *3 (D. Or. Oct. 17, 2023) (concluding that the defendants met their burden of proof, and the plaintiff had failed to "show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him" (quoting *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015))); *Ponce v. Fresno Cnty. Sheriff's Dep't Arresting/Booking Deputies*, No. 1:21-cv-01046-HBK-PC, 2023 WL 2312394, at *5 (E.D. Cal. Mar. 1, 2023) ("If a court concludes that [an AIC] failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice." (citing *Jones v. Bock*, 549 U.S. 199, 223-24 (2007) and *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005))), *report and recommendation adopted*, 2023 WL 3752309 (E.D. Cal. June 1, 2023); *Olmos v. Path*, No. 19-cv-08036-PCT-GMS-JFM, 2020 WL 4188042, at *3 (D. Ariz. July 21, 2020) (granting the plaintiff leave to amend his complaint following his release from custody and rejecting the defendants' argument that the court should draw an inference of bad faith and deny leave to amend); *cf. Vela v. Fed. Bureau of Prisons*, No. EDCV 19-2506-

---

[3] Defendants do not ask the Court to dismiss all of Coyle's Section 1983 claims with prejudice nor suggest that any amendment would be in bad faith. *See Ricker v. Salas*, No. 19-cv-807 TWR (LL), 2020 WL 6484639, at *6 (S.D. Cal. Nov. 3, 2020) (declining to "impute bad faith" on the part of the plaintiff where the defendants had not argued as much and the plaintiff had filed an amended complaint after his release from custody); *cf. Jackson*, 870 F.3d at 936 ("A district court, however, need not give leave to amend a complaint where a plaintiff appears to be gaming the courts, or otherwise exploiting an impending release from custody." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

PAGE 6 – FINDINGS AND RECOMMENDATION

DMG-AGR, 2021 WL 4483407, at *5 (C.D. Cal. Aug. 4, 2021) ("Given . . . the recommended dismissal of certain claims with leave to amend, and Plaintiff's recent release from custody, it is recommended that the [defendant]'s motion to dismiss on exhaustion grounds be denied without prejudice."), *report and recommendation adopted*, 2021 WL 4478381 (C.D. Cal. Sept. 30, 2021).[4]

## II.   OREGON TORT CLAIMS ACT

Coyle alleges claims of gross negligence, "ignorance," and "incompetency." (Compl. at 4.) Defendants argue that those claims are not cognizable under Section 1983 and are instead state law claims subject to the provisions of the OTCA, under which Coyle has not pled timely notice. (*See* Defs.' Mot. at 10-11.)

### A.   Timely Notice Under the OTCA

As relevant here, the OTCA requires a plaintiff seeking to file claims against an Oregon public body or its employees to provide notice of that claim "within 180 days after the alleged loss or injury." OR. REV. STAT. § 30.275(2)(b). "Failure to give timely notice of [a] claim is fatal to a plaintiff's tort claim against a public body." *Denucci v. Henningsen*, 273 P.3d 148, 154 (Or. Ct. App. 2012) (citing OR. REV. STAT. § 30.275(1)).

Under Oregon law, a plaintiff may satisfy the notice requirement by providing "[f]ormal notice," "[a]ctual notice," "[c]ommencement of an action on the claim by or on behalf of the claimant within the applicable period of time," or by "[p]ayment of all or any part of the claim by or on behalf of the public body at any time." OR. REV. STAT. § 30.275(3)-(6). The statute's disjunctive use of "or" makes clear that a plaintiff must satisfy only one of the methods of

---

[4] Because the Court recommends dismissal of Coyle's Section 1983 claims for failure to exhaust, the Court does not reach Defendants' argument that Coyle failed to state a plausible Fourteenth Amendment claim. (*See* Defs.' Mot. at 5-6.)

PAGE 7 – FINDINGS AND RECOMMENDATION

providing notice. *See Cannon v. Or. Dep't of Just.*, 322 P.3d 601, 606 (Or. Ct. App. 2014) (rejecting the defendants' argument that service, within the statutory period for commencing an action, was necessary to satisfy the notice requirement's purpose of permitting a defendant to investigate a claim, explaining that "'commencement of an action' is set forth as an *alternative* to 'actual notice' under ORS 30.275(3)(c), and it is that act—commencement—that must occur within 180 days, not receipt of actual notice").

A plaintiff generally must plead provision of formal notice, actual notice, or payment of part of the claim in the complaint. *See Wilson v. Dep't of Hum. Servs.*, No. 3:20-cv-1819-JR, 2021 WL 6618288, at *2-3 (D. Or. Nov. 4, 2021) (dismissing claims for failure to plead timely notice under the OTCA), *findings and recommendation adopted*, 2022 WL 180233 (D. Or. Jan. 20, 2022); *Harris v. City of Portland Police Dep't*, No. 3:15-cv-00853-HZ, 2016 WL 890927, at *3 (D. Or. Mar. 8, 2016) ("[F]ailure to plead that notice of claims was given in accordance with the OTCA subjects a complaint to dismissal." (citing *Halseth v. Deines*, No. 3:04-cv-00196-AS, 2004 WL 1919994, at *3 (D. Or. Aug. 26, 2004))). However, the statutory text does not suggest that a plaintiff must explicitly plead compliance with the OTCA's notice requirement if notice is achieved through commencement of an action under Oregon Revised Statute § 30.275(3)(c). *See Yunker v. Mathews*, 574 P.2d 696, 700 (Or. Ct. App. 1978) ("We hold that where the complaint is filed within the 180 days, it is unnecessary and superfluous to plead notice, inasmuch as the complaint on its face satisfies the notice requirement."); *see also Maney v. Oregon*, No. 6:20-cv-00570-SB, 2024 WL 2288807, at *64 (D. Or. Apr. 10, 2024) (so concluding);[5] *Greisen v.*

---

[5] In *Maney v. Brown*, No. 6:20-cv-00570-SB, the Court certified a damages class, commencing on March 8, 2020, and closing on May 31, 2022, of AICs in ODOC facilities who were incarcerated at any point on or after February 1, 2020, and who, while incarcerated, tested positive or were otherwise diagnosed with COVID at least fourteen days after the AIC entered ODOC custody. The damages class alleges Eighth Amendment and negligence claims. The

PAGE 8 – FINDINGS AND RECOMMENDATION

*Hanken*, No. 3:14-cv-01399-SI, 2015 WL 9484479, at *10 (D. Or. Dec. 29, 2015) ("[T]he Court finds that the service of the complaint in this action constituted [the plaintiff]'s first notice of a tort claim against the City." (citing *Yunker*, 574 P.2d at 700)). "[T]he plaintiff has the burden of proving that notice of claim was given as required . . . ." OR. REV. STAT. § 30.275(7).

    **B.**    **Analysis**

Coyle describes events in June 2020, when he learned that he had tested positive for COVID, and in December 2020, when six AICs were allegedly transferred to SCI without being properly tested for COVID, leading to an outbreak. (*See* Compl. at 5.) Defendants argue that Coyle failed to provide notice of his claim within 180 days of his alleged injury. (*See* Defs.' Mot. at 10-11.) The Court concludes that although Coyle's claims arising from June 2020 are barred by the 180-day notice requirement, his claims arising from the alleged December 2020 events are not time-barred because the commencement of this action served as proper and timely notice under the OTCA. (*See generally* Compl., filed on January 28, 2021.)

The Court recommends that the district judge grant Defendant's motion to dismiss Coyle's state law claims arising from the June 2020 events with leave to amend if he can allege in good faith that he complied with the OTCA's notice requirement within 180 days of his alleged injury. *See Samuelson v. Jewell Sch. Dist. 8*, No. 3:22-cv-1923-SI, 2024 WL 1286539, at *18 (D. Or. Mar. 26, 2024) ("Plaintiff may amend the dismissed claims if he can cure the OTCA defect. To do so, Plaintiff must allege in good faith that he complied with the OTCA for these dismissed claims and these Defendants."); *Rodriguez v. Cent. Sch. Dist. 13J*, No. 3:12-cv-01223-HU, 2012 WL 6756945, at *4 (D. Or. Nov. 14, 2012) ("[The defendant]'s motion to dismiss . . .

---

defendants' appeal of the Court's summary judgment opinion is currently pending before the Ninth Circuit. Coyle opted out of the damages class. *See* Decl. Nadia Dahab Supp. Status Report Ex. A at 3, Maney v. Brown, No. 6:20-cv-00570-SB (D. Or. Dec. 9, 2022), ECF No. 421-1.

PAGE 9 – FINDINGS AND RECOMMENDATION

should be granted, and those claims should be dismissed *without prejudice*, allowing [the plaintiff] to take appropriate steps to amend her Complaint to allege the giving of proper notice under the OTCA."), *findings and recommendation adopted*, 2013 WL 27851 (D. Or. 2013); *Halseth*, 2004 WL 1919994, at *4 (dismissing claims for failure to plead notice under the OTCA "without prejudice giving Plaintiff leave to amend the complaint to include allegations that Plaintiff provided adequate notice under the Act"). The Court recommends that the district judge deny Defendants' motion to dismiss Coyle's state law claims arising from the December 2020 events. *See Maney*, 2024 WL 2288807, at *64 (concluding that the plaintiffs satisfied the OTCA's notice requirement by timely commencing an action).

## III.     CLAIMS AGAINST ODOC AND SCI MEDICAL DEPARTMENT

Defendants argue that the Court should dismiss Coyle's claims against ODOC and SCI Medical Department because those entities are immune from suit under the Eleventh Amendment. (*See* Defs.' Mot. at 7-8.)

### A.     Applicable Law

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Accordingly, "agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (quoting *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999)); *see also Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (noting that state agencies' immunity in federal court from suits for private damages or injunctive relief "is well established" (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003))).

PAGE 10 – FINDINGS AND RECOMMENDATION

Section 1983 permits suit against "persons," which the U.S. Supreme Court has construed to mean "state officials sued in their individual capacities[.]" *Hafer v. Melo*, 502 U.S. 21, 23 (1991). "State agencies . . . are not 'persons' within the meaning of [Section] 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)); *see also Johnson v. Nev. Dep't of Corr. Med. Dep't*, No. 3:22-cv-00552-MMD-CLB, 2023 WL 7412708, at *2 n.2 (D. Nev. Jan. 5, 2023) ("States and arms of the state, such as prison medical departments, are not persons subject to suit under § 1983.") (citations omitted). Similarly, "[e]ven though the [OTCA] is a waiver of sovereign immunity, it does not waive Eleventh Amendment immunity." *Olson v. Allen*, No. 3:18-cv-001208-SB, 2019 WL 1232834, at *5 n.3 (D. Or. Mar. 15, 2019) (quoting *Ross v. Shelton*, 2:18-cv-00045-YY, 2019 WL 846043, at *7 (D. Or. Feb. 21, 2019)).

The Court concludes that ODOC and SCI Medical Department are immune from suit under the Eleventh Amendment, and neither Section 1983 nor the OTCA abrogate that immunity. The Court therefore recommends that the district judge grant Defendants' motion to dismiss Coyle's claims against ODOC and SCI Medical Department with prejudice. *See Flores v. Or. Dep't of Corr.*, No. 2:22-cv-01399-SB, 2023 WL 7280420, at *3, *7 (D. Or. Nov. 3, 2023) (dismissing the plaintiff's Section 1983 claims against ODOC pursuant to the Eleventh Amendment without leave to amend); *Harpole v. Boston*, No. 2:22-cv-01033-HZ, 2023 WL 5806250, at *4 n.3 (D. Or. Sept. 4, 2023) (concluding that "[a]s an arm of the state, ODOC is immune from suit in federal court for claims brought under state law") (citation omitted).

**IV.     CLAIMS AGAINST BROWN AND HENDRICKS**

Defendants argue that the Court should dismiss Coyle's claims against Governor Brown and Hendricks because Coyle has failed to allege their personal involvement in any wrongdoing

PAGE 11 – FINDINGS AND RECOMMENDATION

and because they are immune from claims for damages against them in their official capacities. (*See* Defs.' Mot. at 6-7.)

### A.     Applicable Law

#### 1.     Personal Involvement

An official may be liable under Section 1983 "when culpable action, or inaction, is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). A supervisor may be held liable under Section 1983 based on "either (1) [the supervisor's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 1207 (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor need not be physically present or "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." *Id.* at 1205 (quoting *Larez v. City of L.A.*, 946 F.2d 630, 645 (9th Cir. 1991)).

A plaintiff must allege a defendant's personal involvement, or *respondeat superior* liability, for statutory and common law claims. *See Swanson v. Dep't of Just.*, No. 6:22-cv-01304-MK, 2022 WL 19693710, at *3 (D. Or. Dec. 13, 2022) (dismissing the self-represented litigant's complaint where the plaintiff "failed to describe facts sufficient to demonstrate [two defendants'] personal involvement in a specific constitutional or statutory violation"), *findings and recommendation adopted*, 2023 WL 3168696 (D. Or. Apr. 28, 2023).

#### 2.     Official Capacity

It is well settled that "a suit against a state official in [that person's] official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71 (citation omitted); *see also Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's

PAGE 12 – FINDINGS AND RECOMMENDATION

office and thus the sovereign itself.") (citations omitted). As a result, "damages claims against the individual defendants in their official capacities are barred by the Eleventh Amendment." *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014) (citations omitted).

### B. Analysis

Although Coyle has alleged generally that Hendricks "should have been aware" that ODOC was not conducting proper testing before transferring AICs to SCI (*see* Compl. at 5), he has not plausibly alleged her personal involvement in any claim. Similarly, Coyle does not allege any conduct specific to Governor Brown. *See Gardner v. Brown*, No. 2:21-cv-1256-SB, 2024 WL 1155381, at *6 (D. Or. Mar. 18, 2024) ("[T]he Complaint does not allege that Brown was personally involved in the planning or implementation of the COVID-19 policies or procedures for Oregon's correctional institutions. The Complaint does not allege that Brown was even aware of those policies. Based on the allegations in the Complaint, [the plaintiff] has not alleged that Brown has either the requisite personal involvement in the alleged constitutional deprivation or that any specific conduct by Brown is causally connected to the alleged Eighth Amendment violation asserted . . . ."). Further, the Eleventh Amendment bars Coyle's claim for damages against Governor Brown and Hendricks in their official capacities.

Accordingly, the Court recommends that the district judge grant Defendants' motion to dismiss Coyle's claim for damages against Governor Brown and Hendricks in their official capacities with prejudice and to otherwise dismiss Coyle's claims against them with leave to amend.[6] *See Reyes v. Washburn*, No. 2:21-cv-01175-SB, 2023 WL 9470076, at *12 (D. Or. Oct. 31, 2023) (dismissing the plaintiff's claim for money damages arising from his Section 1983

---

[6] For the same reasons, the Court concludes that the Eleventh Amendment bars Coyle's claim for damages against Peters in her official capacity and recommends that the district judge dismiss that claim with prejudice.

PAGE 13 – FINDINGS AND RECOMMENDATION

claims against the defendants in their official capacities without leave to amend), *findings and recommendation adopted*, 2024 WL 343481 (D. Or. Jan. 30, 2024); *Swanson*, 2022 WL 19693710, at *3 (dismissing the self-represented litigant's complaint where the plaintiff "failed to describe facts sufficient to demonstrate [two defendants'] personal involvement in a specific constitutional or statutory violation"); *Makoni v. Schroeder*, No. 16-cv-2497-BEN (PCL), 2017 WL 818467, at *5 (S.D. Cal. Feb. 28, 2017) ("Plaintiff has not stated a claim against [the defendant] because he has failed to allege facts regarding what actions were taken or not taken by the Defendant which caused the alleged constitutional violations.") (citation omitted); *Herrera v. Nguyen*, No. 1:12-cv-01915 GSA PC, 2013 WL 1364691, at *2 (E.D. Cal. Apr. 3, 2013) (dismissing the plaintiff's Eighth Amendment claim regarding his treatment for high blood pressure and explaining that "the Court finds Plaintiff's allegations to be vague" where the plaintiff "sets forth generalized allegations regarding his health care, and identifies [the defendant]" but did not "describe what each defendant . . . did to violate the particular right").

## V.    CLAIM FOR MENTAL AND EMOTIONAL INJURY

Defendants argue that the Court should dismiss Coyle's claim for mental or emotional injury because he did not suffer a physical injury. (*See* Defs.' Mot. at 5.)

### A.    Applicable Law

The PLRA provides, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e). In passing the PLRA, Congress intended to limit frivolous lawsuits. *See Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (so noting) (citations omitted); *see also Woodford*, 548 U.S. at 94 (explaining that the PLRA "was intended to 'reduce the quantity and improve the quality of prisoner suits'" (quoting *Nussle*, 534 U.S. at 524)).

PAGE 14 – FINDINGS AND RECOMMENDATION

The Ninth Circuit has construed the PLRA to require a showing of physical injury "that need not be significant but must be more than *de minimis*." *Oliver*, 289 F.3d at 627. That does not mean that "'any' physical injury is sufficient[.]" *Id.* at 628. However, the Ninth Circuit has rejected as "overly restrictive" the standard for *de minimis* injuries espoused by the Northern District of Texas in *Luong v. Hatt*, 979 F. Supp. 481 (N.D. Tex. 1997), "which requires an observable or diagnosable medical condition requiring treatment by a medical care professional, which would cause a free world person to seek such treatment." *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1224 (9th Cir. 2008) (simplified).

In *Oliver*, the Ninth Circuit concluded that a painful canker sore and back and leg pain from sitting and sleeping on benches and the floor were *de minimis*. 289 F.3d at 629; *see also Jackson v. Monterey Cnty. Jail*, 407 F. App'x 119, 119 (9th Cir. 2010) (affirming dismissal of a claim arising from asbestos exposure because the plaintiff did not allege injury). In *Pierce*, the Ninth Circuit concluded that recurrent bladder infections and bed sores were more than *de minimis*. 526 F.3d at 1224; *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (concluding that the plaintiff was entitled to amend his complaint to plead physical injury where the plaintiff had developed chronic hypertension, contracted hepatitis B, and developed lumps behind his ear because of an untreated ear infection).

In analyzing the scope of the PLRA's physical injury requirement, the Ninth Circuit has held that "[t]o the extent that [a plaintiff] has actionable claims for compensatory, nominal or punitive damages—premised on violations of [constitutional] rights, and not on any alleged mental or emotional injuries— . . . the claims are not barred by § 1997e(e)." *Oliver*, 289 F.3d at 630 (holding that "§ 1997e(e) applies only to claims for mental and emotional injury"). Where an AIC's complaint "seeks broader forms of redress for the underlying constitutional violations

PAGE 15 – FINDINGS AND RECOMMENDATION

alleged[,]" such as nominal or punitive damages, Section 1997e(e) does not bar such relief. *Id.* at 629-30 (holding that punitive and nominal damages are available to redress constitutional violations even in the absence of physical injury).

### B. Analysis

Coyle alleges that he was "in constant fear due to knowing people were dying because of COVID-19" and suffered "mental anguish[.]" (Compl. at 5.) However, Coyle does not allege that he suffered a physical injury following the events of December 2020. He does not allege that he tested positive for COVID, suffered any physical symptoms, or otherwise contracted COVID after December 2020.

Accordingly, the Court recommends that the district judge dismiss Coyle's claims for mental or emotional injury. *See Ingram v. McDowell*, No. 2:22-cv-03787-DOC-PD, 2023 WL 2575588, at *16 (C.D. Cal. Feb. 21, 2023) ("He does not allege that he contracted COVID-19, and he does not allege any physical injury."), *findings and recommendation adopted*, 2023 WL 2574565 (C.D. Cal. Mar. 20, 2023); *see also Maney*, 2024 WL 2288807, at *44 (collecting cases applying the physical injury requirement in the context of COVID); *Arnold v. St. Clair Cnty. Intervention Ctr.*, No. 20-cv-11410, 2020 WL 4700812, at *4 (E.D. Mich. Aug. 13, 2020) ("Unlike Plaintiff Smith, who asserts that he was infected with COVID-19, Plaintiff Arnold has alleged no physical injury and will be dismissed from the Complaint with prejudice.").

## VI. COMMUTATION

Defendants argue that Coyle's requested relief in the form of commutation of his sentence is moot or that the governor is immune from his commutation claim. (*See* Defs.' Mot. at 8-9.)

In Oregon, the governor alone has the power to grant commutations. *See* OR. CONST., art. V, § 14 (granting the governor of Oregon the "power to grant reprieves, commutations, and

PAGE 16 – FINDINGS AND RECOMMENDATION

pardons"); *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 283 (1998) ("There is thus no substantive expectation of clemency."); *Eacret v. Holmes*, 333 P.2d 741, 743 (Or. 1958) ("[I]t is not within judicial competency to control, interfere with, or even to advise the Gover[n]or when exercising [the] power to grant reprieves, commutations, and pardons."); *Marteeny v. Brown*, 517 P.3d 343, 361 (Or. Ct. App. 2022) ("[T]he clemency power has always been a broad plenary power of the executive."); OR. REV. STAT. § 144.649 (recognizing the governor's broad clemency power and stating that the power is subject to the "conditions and with such restrictions and limitations as the Governor thinks proper"); *cf. Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("Unlike probation, pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Accordingly, to the extent that Coyle requests that the Court commute his sentence or order the governor to commute his sentence as a remedy, the Court concludes that it lacks such authority. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . .").

The Court recommends that the district judge grant Defendants' motion to dismiss Coyle's request for commutation of his sentence as a form of relief with prejudice.[7]

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT in part and DENY in part Defendants' motion to dismiss (ECF No. 45) as follows:

---

[7] The Court does not understand Coyle to allege an Eighth Amendment claim based on Governor Brown's failure to commute his sentence and does not reach Defendants' argument that Governor Brown would be immune from such a claim. (*See* Defs.' Mot. at 8-9.)

PAGE 17 – FINDINGS AND RECOMMENDATION

- DISMISS WITHOUT LEAVE TO AMEND:

    o   Coyle's claims against ODOC and SCI Medical Department;

    o   Coyle's plea for money damages arising from his Section 1983 claims against Governor Brown, Hendrix, and Peters in their official capacities; and

    o   Coyle's request for commutation of his sentence as relief.

- DISMISS WITH LEAVE TO AMEND:

    o   Coyle's Section 1983 claims;

    o   Coyle's state law claims arising from the June 2020 events;

    o   Coyle's claims against Governor Brown and Hendrix; and

    o   Coyle's claim for mental and emotional injury.

- DENY:

    o   Defendants' motion to dismiss Coyle's state law claims arising from the December 2020 events.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day of August, 2024.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 18 – FINDINGS AND RECOMMENDATION