IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES HENRY COYLE**, | Case No. 21-cv-149-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **KATE BROWN** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on August 27, 2024. Judge Beckerman recommended that this Court grant in part and deny in part Defendants' motion to dismiss (ECF 45). No party has filed objections.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Beckerman's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 53. The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss, ECF 45. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983, under state law that arise from the June 2020 events, against Governor Brown and Hendricks, and for mental or emotional injury with leave to amend. The Court dismisses Plaintiff's claims against the Oregon Department of Corrections and Santiam Correctional Institute Medical Department, plea for money damages arising from his § 1983 claims against Governor Brown, Hendricks, and Peters in their official capacity, and request for commutation of his sentence without leave to amend. The Court denies Defendants' motion with respect to Plaintiff's state law claims that arise from the December

2020 events, and those claims remain in this case. If Plaintiff believes he can cure the deficiencies identified by Judge Beckerman, he may file an amended complaint as to the claims dismissed with leave to amend on or before October 15, 2024.

**IT IS SO ORDERED**.

DATED this 23rd day of September, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge