IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES HENRY COYLE, | Case No. 6:21-cv-00149-SB |
| Plaintiff, | **FINDINGS AND**<br>**RECOMMENDATION** |
| v. | |
| COLETTE PETERS, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff James Henry Coyle ("Coyle"), a self-represented litigant and formerly an adult in custody ("AIC") at Santiam Correctional Institution ("Santiam"), filed this action under 42 U.S.C. § 1983 ("Section 1983") in January 2021. Coyle's only remaining claim is for negligence against former Oregon Department of Corrections ("ODOC") Director Colette Peters ("Peters"). Now pending before the Court is Peters' motion for summary judgment. (Def.'s Mot. Summ. J. ("Def.'s Mot."), ECF No. 68.)

The Court has jurisdiction over Coyle's remaining claim pursuant to 28 U.S.C. § 1367. For the reasons that follow, the Court recommends that the district judge grant Peters' motion for summary judgment.

PAGE 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

As relevant to his remaining claim, Coyle alleges that at the end of December 2020, ODOC failed properly to test six AICs who transferred from Oregon State Penitentiary to Santiam, which resulted in a COVID-19 ("COVID") outbreak at Santiam. (Compl. at 3, ECF No. 2.)

Coyle tested positive for COVID antibodies on or about June 2020. (Compl. at 5; Jan. 9, 2026 Dep. James H. Coyle ("Coyle Dep.") at 15:2-16:13, Decl. Jermaine Brown Supp. Mot. Summ. J. ("Brown Decl."), Ex. 1; *see also* Brown Decl., Ex. 3.) Coyle did not report COVID symptoms to Santiam's medical staff following the December 2020 transfer (*see* Coyle Dep. at 21:18-21) and he tested negative for COVID on January 20, 2021. (*See* Coyle Dep. at 22:6-23:18; Brown Decl., Ex. 4.) Coyle declined a COVID test on February 1, 2021, because he "felt totally healthy." (Coyle Dep. at 24:14-25:15; Brown Decl., Ex. 4.) Coyle received the COVID vaccine soon thereafter. (*Id.* at 25:24-28:2.) Coyle did not test positive for COVID at any time after the six AICs arrived at Santiam. (*Id.* at 29:6-10.)

## DISCUSSION

### I.    LEGAL STANDARDS

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). At the summary judgment stage, the court views the facts in the light most favorable to the non-moving party, and draws all reasonable inferences in favor of that party. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith*

PAGE 2 – FINDINGS AND RECOMMENDATION

*Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## II.    ANALYSIS

Coyle's only remaining claim is for negligence against Peters relating to ODOC's transfer of six AICs to Santiam in December 2020.

### A.    Negligence

#### 1.    Applicable Law

"Although . . . [Oregon courts] generally analyze a defendant's liability for harm that the defendant's conduct causes another in terms of the concept of reasonable [foreseeability], rather than the more traditional duty of care, if the plaintiff invokes a special status, relationship, or standard of conduct, then that relationship may create, define, or limit the defendant's duty to the plaintiff[.]" *Stewart v. Kids Inc. of Dall., Or.*, 261 P.3d 1272, 1277 (Or. Ct. App. 2011) (simplified). "However, even when a plaintiff alleges a special relationship as the basis for the defendant's duty, the scope of that particular duty may be defined or limited by common-law principles such as foreseeability." *Id.* (simplified) (quoting *Or. Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 83 P.3d 322, 329 (Or. 2004)); *see also Maney v. Oregon*, 729 F. Supp. 3d 1087, 1156 (D. Or. 2024) (applying Oregon law to AICs' negligence claims against ODOC resulting from the COVID pandemic), *aff'd*, No. 24-2715, 2025 WL 1794110 (9th Cir. June 30, 2025), *petition for cert. filed*, No. 25-960 (U.S. Feb. 13, 2026).

Actual harm is an essential element of any negligence claim. *See Lowe v. Philip Morris USA, Inc.*, 183 P.3d 181, 184 (Or. 2008) ("Oregon law has long recognized that the fact that a defendant's negligence poses a threat of future physical harm is not sufficient, standing alone, to constitute an actionable injury."); *see also id.* at 189 (Walters, J., concurring) ("Damage, or harm, is an essential element of a negligence claim." (citing W. Page Keeton, Dan B. Dobbs,

PAGE 3 – FINDINGS AND RECOMMENDATION

Robert E. Keeton, & David G. Owen, Prosser and Keeton on the Law of Torts § 30, at 165 (5th ed. 1984))).

### 2. Analysis

Coyle did not respond to Peters' motion for summary judgment and has not presented any evidence that he suffered harm resulting from ODOC's transfer of six AICs to Santiam in December 2020. The undisputed evidence in the summary judgment record reflects that Coyle did not contract COVID as a result of the transfer, nor suffer any other cognizable injury.[1]

Viewing the facts in the light most favorable to Coyle and drawing all reasonable inferences in his favor, Coyle has failed to establish that he suffered harm as a result of Peters' alleged negligence, an essential element of his negligence claim. As a result, the Court recommends that the district judge grant Peters' motion for summary judgment. *See Jackson v. Surber*, No. 2:22-cv-01832-SB, 2024 WL 4279428, at *6 (D. Or. Aug. 13, 2024) (dismissing AIC's negligence claim where he did "not allege that he contracted COVID" as the result of an AIC transfer during the COVID pandemic and therefore failed to allege "that any defendant's actions caused him harm"); *Williams v. Pollard*, No. 21-cv-55-RSH-DTF, 2024 WL 6967307, at *11 (S.D. Cal. May 15, 2024) (granting the defendant prison official's motion for summary judgment where "Plaintiff . . . did not contract Covid . . . . [and t]herefore, he has shown no

---

[1] The Court previously dismissed Coyle's claims for mental or emotional injury resulting from the December 2020 transfer. *See Coyle v. Brown*, No. 6:21-cv-00149-SB, 2024 WL 4279424, at *8 (D. Or. Aug. 27, 2024) ("Coyle alleges that he was 'in constant fear due to knowing people were dying because of COVID-19' and suffered 'mental anguish[.]' However, Coyle does not allege that he suffered a physical injury following the events of December 2020. He does not allege that he tested positive for COVID, suffered any physical symptoms, or otherwise contracted COVID after December 2020. Accordingly, the Court recommends that the district judge dismiss Coyle's claims for mental or emotional injury.") (simplified), *findings and recommendation adopted*, 2024 WL 4278127 (D. Or. Sept. 23, 2024).

PAGE 4 – FINDINGS AND RECOMMENDATION

injury as a result of [the defendant]'s actions") (citation omitted), *aff'd*, No. 24-3582, 2025 WL 3706604 (9th Cir. Dec. 22, 2025).

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT Peters' motion for summary judgment (ECF No. 68).

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 3rd day of April, 2026.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge